UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

HERMAN JOHNSON, et al.,                           :

                Plaintiffs,              :     **MEMORANDUM**
                                             **DECISION AND ORDER**

   - against -                                    :
                                             06 Civ. 13699 (BSJ) (FM)

NEW YORK CITY DEPARTMENT OF          :
HEALTH, et al.,
                                             :

                Defendants.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/22/2008

**FRANK MAAS**, United States Magistrate Judge.

I.    Introduction

        In this civil rights action brought pursuant to 42 U.S.C. § 1983, four pro se plaintiffs allege that they were denied adequate and appropriate medical care, in violation of their Eighth Amendment rights, while they were detainees at Rikers Island.  On July 17, 2008, the Honorable Barbara S. Jones, to whom this case is assigned, dismissed the plaintiffs' claims against several municipal entities for failure to state a claim, but granted three of them leave to amend their complaint to state their "deliberate indifference" claims in more detail against specific individuals.  (See Docket No. 59 ("Order")).[1]  Judge Jones did not provide such leave to plaintiff Fred Jenkins, a/k/a Ronald Jenkins

---

[1]    The three plaintiffs who failed to plead facts adequate to proceed with their deliberate indifference claims were Herman Johnson, a/k/a Gary Hutchenson, Efrain Santiago, and Antonio Matos.  Judge Jones afforded them each thirty days in which to amend their complaint.  (Order at 32-33).

("Jenkins"), whose deliberate indifference claim against a doctor survived the Defendants' motion. (Id. at 25, 32-33). The plaintiffs' retaliation claims also survived the Defendants' motion. (Id. at 28-31, 33).

Jenkins now moves pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to file a second amended complaint ("SAC").[2] (See Pl.'s Mot. for Leave to Amend Claims, Ex. B.). In his SAC, Jenkins originally proposed to add an additional claim regarding the DOC's grievance process and to add as defendants with respect to that claim the City of New York ("the City"), the New York City Department of Corrections ("DOC"), and the DOC Commissioner. In his reply papers ("Reply"), Jenkins also seeks permission to join as defendants with respect to that claim the New York City Department of Health and Mental Hygiene ("DOHMH") and its Commissioner, "having mistakenly failed to included them" in his original motion papers. (Reply at 8). This request appears to have been prompted by the Defendants' opposition papers, which indicate that "DOHMH is the department of the City . . . responsible for rendering medical services to prisoners" and for providing a medical complaint review process. (See Def.'s Opp. at 3 & Ex. A (Aff. of Dr. Jason Hershberger, dated Oct. 2,

---

[2] Jenkins filed his first amended complaint, dated May 21, 2007, on June 13, 2007, before the Defendants served or filed their answer. (See Order at 3 n.2; Docket No. 52). Rule 15(a) of the Federal Rules permits a party to amend its pleading once "as a matter of course" before a responsive pleading is served.

2

2008 ("Hershberger Aff."))).  (The City, DOC, DOHMH, and the DOC and DOHMH Commissioners are hereinafter referred to, collectively, as the "Proposed Defendants.")

For the reasons set forth below, Jenkins' motion to file his proposed SAC is denied.

II.   Background

    A.   Jenkins' Factual Allegations

In his proposed SAC, Jenkins alleges as follows:

From August 4 to December 20, 2006, Jenkins was a medical pretrial detainee under the care of the DOC at Rikers Island, where Prisoners Health Services ("PHS"), a private contractor, oversaw his treatment.  (SAC ¶¶ 36-37).  During his stay there, Jenkins repeatedly complained in writing and orally to the PHS medical staff that he was not receiving adequate treatment, but these complaints were never investigated or addressed.  (Id. ¶ 38).  Jenkins therefore sought to file a grievance with the DOC concerning his medical care, but was blocked by the DOC's "longstanding policy" of excluding medical complaints from the prison grievance process.  (Id. ¶ 39).  Accordingly, his only administrative option was to complain to PHS, which had exclusive authority under its contract to determine (pursuant to DOC guidelines) whether investigation of his medical complaint was warranted.  (Id. ¶ 40).  Jenkins contends that permitting him to complain only to the private medical staff already overseeing his

treatment, and affording him no further appeals directly to the DOC, violated his constitutional rights. (Id. ¶¶ 41-44).

      B.    New Claim and Defendants

Jenkins' SAC adds a new claim for relief, in which he alleges that by (i) failing to provide an appeal beyond PHS and (ii) excluding pretrial detainees' medical complaints from the DOC grievance process, the Proposed Defendants caused Jenkins to "endure unnecessary pain and suffering, extreme emotional anguish, humiliation, and the violation of his First and Fourteenth Amendment rights." (Id. ¶ 53). Jenkins further seeks permission to add the City, DOC, DOHMH, and the two agency Commissioners as defendants, (see SAC ¶ 2; Reply at 8), even though Judge Jones previously dismissed the municipal entities from this action.

III.    Discussion

      A.    Rule 15(a)

Federal Rule 15(a) provides that a party may amend its complaint after a responsive pleading has been served only with leave of the court, but that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). As the Supreme Court has stated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should . . . be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962).  Indeed, an "[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion."  Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002).

The liberal application of Rule 15(a) is especially warranted with respect to a pro se litigant who "should be afforded every reasonable opportunity to demonstrate that he has a valid claim."  Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (citation omitted).  Nevertheless, if the claim that a party seeks to add lacks merit, the application for leave to amend should be denied on futility grounds.  Shakur v. Spitzer, No. 04 Civ. 6134 (SHS) (THK), 2005 WL 2647941, at *2 (S.D.N.Y. Oct. 17, 2005).  A new claim is considered futile when it would not withstand a motion to dismiss.  Id.; see ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (a plaintiff's complaint survives dismissal so long as it puts forth facts sufficient "to raise a right to relief above the speculative level") (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).

B.     Proposed Claim under First and Fourteenth Amendments

In his SAC, Jenkins alleges that the Proposed Defendants' policy of excluding pretrial detainees with medical complaints from the prison grievance process violated his "Due Process . . . [and] First Amendment right[s] to both grieve and seek administrative redress."  (SAC ¶¶ 52, 53).  This claim necessarily fails because the nature and extent of the administrative appeals process available to a detainee is relevant only to

a court's determination as to whether a claim has been exhausted. Accordingly, alleged deficiencies in the process do not give rise to a Due Process or First Amendment claim.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), a prisoner must exhaust any available administrative remedies, even if the process cannot provide the relief sought, before he may challenge prison conditions in federal court. Booth v. Churner, 532 U.S. 731, 741 (2001) ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."). Jenkins is apparently correct that the DOC grievance procedures applicable to detainees at Rikers Island do not permit a grievance to be filed regarding a medical issue. See Oates v. City of New York, No. 02 Civ. 5960 (GEL), 2004 WL 1752832, at *3 (S.D.N.Y. Aug. 4, 2004) (citing Timmons v. Pereiro, No. 03-7190, 2004 WL 322702, at *2 (2d Cir. Feb. 18, 2004), a prior case in which Corporation Counsel stipulated on appeal that medical claims against outside vendors are "not covered by the DOC grievance procedure"). There consequently is no exhaustion issue raised by Jenkins' failure to prosecute a grievance through the DOC.

Inmate grievance procedures are "undertaken voluntarily . . . , and are not constitutionally required." Ramos v. Hanslmaier, No. 96 Civ. 744 (BSJ) (MHD), 1997 U.S. Dist. LEXIS 6082, at *6 (S.D.N.Y. Feb. 19, 1997). Moreover, the PLRA provides that the "failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action." 42 U.S.C. § 1997e(b) (emphasis added). It

6

follows that any "violations of those procedures or the . . . failure to enforce them does not give rise to a claim under section 1983." Id.; see Harnett v. Barr, 538 F. Supp. 2d 511, 522 (N.D.N.Y. 2008) (refusal of state official to process grievance properly "does not by itself rise to the level of a constitutional violation"); Bell v. Beebe, No. 9:06-CV-544 (NAM) (GJD), 2007 WL 1879767, at *4 (N.D.N.Y. June 29, 2007) (violation of state inmate grievance procedures "does not give rise to a claim under section 1983, under the due process clause or otherwise"); Muhammad v. McMickens, No. 86 Civ. 7376 (SWK), 1988 WL 7789, at *3 (S.D.N.Y. Jan. 25, 1988) (dismissing claim based on City defendants' failure to process grievances because "[v]iolations of inmate grievance procedures, which are themselves not constitutionally required, do not give rise to a [section] 1983 claim").

In sum, even if Jenkins is correct that inmate medical complaints are knowingly excluded from the institutional grievance process at Rikers Island, that allegation does not state a constitutional claim. Leave to amend to add a new claim for relief on that ground therefore must be denied because it is meritless.[3] See Shakur, 2005 WL 2647941, at *2.

---

[3] Prisoners of course have a right to petition the government for redress. Consequently, any actions that prison officials take to retaliate against a prisoner on the basis of the exercise of that right "may be a violation of the prisoner's First and Fourteenth Amendment rights." Jones v. Fischer, No. 07 Civ. 7589 (DC), 2008 WL 3174510, at *7 (S.D.N.Y. Aug. 7, 2008) (citing Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996)). In the original complaint in this action, Jenkins and his fellow plaintiffs alleged that they were improperly removed from the infirmary in retaliation for their medical complaints. That claim survived the Defendants' motion to dismiss. (See Order at 28-31).

C.	Municipal Liability Under 42 U.S.C. § 1983

Although Jenkins' proposed new claim under the First and Fourteenth Amendments fails, the SAC may also be liberally construed to allege that the Proposed Defendants denied him adequate and appropriate medical care in violation of his Eighth Amendment rights.  Judge Jones previously dismissed the plaintiffs' deliberate indifference claims against the City, the DOHMH, and PHS because the plaintiffs failed to allege the existence of a municipal custom, policy, or practice that caused them harm.  (See Order at 14, 33).  In his SAC, Jenkins now seeks to cure that deficiency by alleging that these defendants have a "longstanding policy" of (i) excluding medical complaints from the prison grievance process and (ii) delegating review of complaints exclusively to a private contractor with no further appeal, which caused Jenkins to "endure unnecessary pain and suffering, extreme emotional anguish, [and] humiliation."  (SAC ¶¶ 39, 40, 54; Reply at 7).  Even if these allegations are viewed as a deliberate indifference claim, Jenkins' proposed amendment suffers from two problems.  First, he seeks to name several nonsuable persons and entities.  Second, his allegations fail to assert a legally sufficient Monell claim.

As Judge Jones previously discussed in her Order, the New York City Charter provides that all actions against municipal entities "shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."  N.Y. City Charter ch. 17 § 396.  The DOC does not fall within any such exception and thus may not be added as a defendant.  See Rivera v. Rikers Island, No. 02

8

Civ. 1560 (PKC) (FM), 2004 WL 1305851, at *1 (S.D.N.Y. May 13, 2004).  Permission to add the DOC commissioner also must be denied because "official capacity claims are redundant" when the municipal entity is already named in the action.  <u>Anemone v. Metro. Transp. Auth.</u>, 410 F. Supp. 2d 255, 264 n.2 (S.D.N.Y. 2006).

  The Charter does provide that the DOHMH "may sue and be sued in and by the proper name of 'Department of Health and Mental Hygiene of the City of New York.'"  N.Y. City Charter ch. 22 § 564.  Indeed, the Proposed Defendants concede in their opposition papers that the DOHMH provides prison medical services, contracts with PHS, and oversees the medical complaints process at Rikers Island.  (<u>See</u> Hershberger Aff.).  In light of these facts, Jenkins' proposed SAC properly names the DOHMH as a defendant.  The City itself is also a suable entity.  <u>See</u> N.Y. City Charter ch. 17 § 396.

  Nevertheless, the SAC does not set forth a basis for holding either the City or the DOHMH liable on a respondeat superior theory.  <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 691 (1978) ("[W]e conclude that a municipality cannot be held liable <u>solely</u> because it employs a tortfeasor.")  To sue either the City or DOHMH for a violation of his Eighth Amendment rights, Jenkins must establish (i) "the existence of a municipal policy or custom[,] in order to show that the municipality took some action that caused his injuries," and (ii) a "causal connection . . . between the policy and the deprivation of his constitutional rights." <u>Vippolis v. Village of Haverstraw</u>, 768 F.2d 40, 44 (2d Cir. 1985).  A plaintiff may satisfy the policy or custom requirement by alleging:

> the existence of (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

Allan v. City of New York, 386 F. Supp. 2d 542, 545 n.3 (S.D.N.Y. 2005) (internal citations omitted).

In his SAC, Jenkins does not allege that any City or DOHMH policy led to substandard medical care. Instead, he simply attempts to cure the deficiency noted by Judge Jones by alleging that the Proposed Defendants have a policy of not entertaining medical complaints. (SAC ¶ 39). As discussed above, however, the absence, deficiency, or violation of a prison grievance process does not give rise to a constitutional claim. Thus, although Jenkins alleges the existence of a longstanding municipal policy, there is no "affirmative link," Vippolis, 768 F.2d 40 at 44, between the policy and any harm that he suffered as a result of his medical treatment. Accordingly, to the extent that Jenkins seeks to add the City, the DOHMH, or the DOHMH Commissioner as a defendant in an Eighth Amendment claim, his proposed amendment is futile.

IV.  Conclusion

For the foregoing reasons, Jenkins' motion to amend his complaint is denied.

SO ORDERED.

Dated:    New York, New York
          December 22, 2008

_____
FRANK MAAS
United States Magistrate Judge

Copies to:

Hon. Barbara S. Jones
United States District Judge

Herman Johnson [Pro Se]
07-A-0117
Five Points Correctional Facility
State Route 96
Box 119
Romulus, NY 14541

Fred Jenkins, a/k/a Ronald Jenkins [Pro Se]
07-A-1207
Fishkill Correctional Facility
P.O. Box 1245
Beacon, NY 12508

Efrain Santiago [Pro Se]
186 Cooper Street
Brooklyn, NY 11207

Antonio Matos [Pro Se]
955 Grant Avenue, Apt. #2R
Bronx, NY 10456

John Bone, Esq.
Heidell, Pittoni, Murphy, & Bach, LLP
Fax:  (212) 490-8966